**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD SCOTT KINDRED, | No. 19-17189 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01652-AWI-JDP |
| v. | |
| MARISA BIGOT; KENNETH BELL, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| CLIFF ALLENBY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 8, 2020**

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Civil detainee Richard Scott Kindred appeals pro se from the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in his action alleging violations of his First Amendment right to free exercise of his Native American religious beliefs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Kindred's free exercise claims because Kindred failed to raise a genuine dispute of material fact as to whether defendants' actions substantially burdened the practice of his religion or whether the regulations at issue were not reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (factors for determining whether a prison regulation is reasonably related to a legitimate penological interest); *Jones*, 791 F.3d at 1031-32 (defining substantial burden for purposes of the Free Exercise Clause).

Contrary to Kindred's contention, the district court did not err in applying the *Turner* factors to him as a civil detainee. *See, e.g.*, *Hydrick v. Hunter*, 500 F.3d 978, 991 (9th Cir. 2007), *cert. granted, judgment vacated on other grounds*, 556 U.S. 1256 (2009).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**